1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GLENNA JO TRAMELL,

11              Plaintiff,                    No. CIV S-09-1470 GEB EFB PS

12         vs.

13                                           <u>ORDER</u>

     THE GOLDEN 1 CREDIT UNION,
14
               Defendant.
15   _____/

16         This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned pursuant to 28 U.S.C. § 636(b)(1) and E. D. Cal. L. R. ("Local Rule") 72-

18   302(c)(21).

19         Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*,

20   and has submitted the affidavit required thereunder which demonstrates that she is unable to

21   prepay fees and costs or give security thereof.  Accordingly, plaintiff's request to proceed *in*

22   *forma pauperis* will be granted.  28 U.S.C. § 1915(a).

23         Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant

24   to the *in forma pauperis* statute if, at any time, it determines that the allegation of poverty is

25   untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be

26   granted, or seeks monetary relief against an immune defendant.

1

A complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554, 562-563 (2007).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  While *pro se* pleadings must be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure must be met, and  "require[] a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief," "in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp., supra*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The instant complaint alleges that plaintiff suffered permanent injury as a result of her employer's failure to provide a physically adequate work setting (keyboard), and was thereafter denied medical leave to which she was entitled, resulting in unexcused absences, which in turn served as the rationale for defendant's alleged harassment, retaliation and wrongful termination of plaintiff.  Liberally construed, the complaint meets the standards noted above and appears to support *prima facie* claims of, *inter alia,* employment discrimination, harassment, retaliation and wrongful termination, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§  12101 *et seq*.; the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq*.; the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code. §§ 12940 *et seq*.; the California Family Rights Act ("CFRA"), Cal. Gov't Code § 12945.2; and the Civil Rights Act, 42 U.S.C. §§ 1981 (equal rights),1981a (damages for intentional employment discrimination).  Review of these and plaintiff's other claims can await further development of the record and the responsive pleadings of defendant.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed *in forma pauperis* is granted.

2.  The Clerk of Court is directed to issue summons forthwith pursuant to Fed. R. Civ. P. 4.

3.  The Clerk of Court shall send plaintiff one USM-285 form, one summons, a copy of the file endorsed complaint, this court's "Order Requiring Joint Status Report," and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes, and the court's voluntary dispute resolution program.

4.  Plaintiff is advised that the U.S. Marshal will require:

a.  One completed summons;

b.  One completed USM-285 form for each defendant;

c.  A copy of the file endorsed complaint for each defendant, with an extra copy for the U.S. Marshal; and,

d.  A copy of this court's "Order Requiring Joint Status Report" and related documents for each defendant.

5.  Plaintiff shall supply the United States Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, and *shall, within 10 days thereafter, file a statement with the court that said documents have been submitted to the United States Marshal*.

6.  The U.S. Marshal shall serve process, with copies of this court's status order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs.  *The United States Marshal shall, within 10 days thereafter, file a statement with the court that said documents have been served.*  If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

////

////

////

7.  The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (Tel. 916-930-2030).

SO ORDERED.

DATED:  June 4, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4