IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENNA JO TRAMELL,

     Plaintiff,                                 No. CIV S-09-1470 GEB EFB PS

     vs.

THE GOLDEN 1 CREDIT UNION,

     Defendant.                         <u>ORDER AND</u>
                                                                    <u>FINDINGS AND RECOMMENDATIONS</u>
_____/

       This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Presently before the undersigned is defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dckt. No. 13. Defendant contends, *inter alia*, that plaintiff's complaint is barred by the doctrine of *res judicata*. For the reasons stated herein, the undersigned recommends that the motion be granted.

I.     <u>BACKGROUND</u>

       On July 3, 2008, plaintiff filed a complaint in Sacramento County Superior Court against defendant, alleging general negligence, intentional tort, violation of the Family Medical Leave

////

////

Act ("FMLA"), harassment, and wrongful termination.[1] Def.'s Req. for Jud. Notice, Dckt. No. 14, Ex. A. Plaintiff alleged that defendant "[d]id not replace bad office equipment for 5 months after making continuous repair reports, caus[ing] injury to left upper extremity" and that defendant violated the Family Medical Leave Act "by intentionally counting [plaintiff's] medical absences as regular time, in which, caused constant harassment, being singled-out in front of co-worker by management that caused me to be terminated from my employment." *Id.* Defendant filed a demurrer to plaintiff's complaint on statute of limitations grounds, and on September 16, 2008, the state court issued an order affirming its earlier tentative ruling sustaining defendant's demurrer and granting plaintiff leave to amend. *Id.*, Ex. B, C.

Thereafter, on September 25, 2008, plaintiff filed an amended complaint, alleging the same claims for relief, along with additional factual allegations, including allegations that she was harassed, discriminated, and retaliated against because of her medical condition. *Id.*, Ex. D. Defendant demurred to plaintiff's amended complaint, and on December 24, 2008, the state court sustained the demurrer without leave to amend. *Id.*, Ex. E, F. On January 8, 2009, the state court entered judgment against plaintiff and in favor of defendant. *Id.*, Ex. G.

On May 28, 2009, plaintiff filed the instant complaint. Dckt. No. 1. The complaint alleges that plaintiff suffered permanent injury as a result of her employer's failure to provide a physically adequate work setting (keyboard), and was thereafter denied medical leave to which she was entitled, resulting in unexcused absences, which in turn served as the rationale for defendant's alleged harassment, retaliation and wrongful termination of plaintiff. The complaint appears to allege claims of employment discrimination, harassment, retaliation and wrongful termination, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*; the federal Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*; the California Fair

---

[1] Defendant's request for judicial notice of various state court records, Dckt. No. 14, is granted. A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Employment and Housing Act, Cal. Gov't Code. §§ 12940 *et seq.*; the California Family Rights Act, Cal. Gov't Code § 12945.2; and the Civil Rights Act, 42 U.S.C. §§ 1981 (equal rights),1981a (damages for intentional employment discrimination).  *Id.*; *see also* Dckt. No. 3.

## II. LEGAL STANDARDS

Defendant moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing, *inter alia*, that the complaint is barred by the doctrine of *res judicata*.  To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

III.  DISCUSSION

  A.  Res Judicata

Federal courts "are required to give state court judgments the preclusive effect they would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84 (1984)). In California, res judicata, or claim preclusion, bars a second lawsuit between the same parties on the same cause of action. *People v. Barragan*, 32 Cal. 4th 236, 252 (2004). Collateral estoppel, or issue preclusion, bars the relitigation of issues that were actually litigated and determined in the first action. *Id.* at 252-53. The elements for applying either claim preclusion or issue preclusion to a second action are the same: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Id.* at 253 (internal quotations omitted).

Here, the same plaintiff is suing the same defendant in the present action and the state court action. Therefore, the only issues for the court are whether the claims she raises in the present action are identical to those litigated in state court and whether the state court action resulted in a final judgment on the merits.

////

////

California law holds that a final judgment of a state court "precludes further proceedings if they are based on the same cause of action." *Maldonado v. Harris*, 370 F.3d 945, 952 (9th Cir. 2004). Unlike the federal courts, which apply a "transactional nucleus of facts" test, "California courts employ the 'primary rights' theory to determine what constitutes the same cause of action for claim preclusion purposes." *Id*. Under this theory, "a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003) (citing *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065 (1998)). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983).

Here, the "causes of action" in the federal action are the same as those asserted in the state court action. The two actions involve the same alleged injury to plaintiff and the same alleged wrongs by defendant. Specifically, in both actions, plaintiff alleges that defendant violated her rights by deliberately counting protected leave time as excessive absences after she was injured on the job by bad office equipment, that defendant retaliated against her by constantly singling her out in front of her fellow co-workers and harassing her in front of them, at least in part, because of these events, and that defendant's wrongful actions prevented her from receiving proper job evaluations, bonuses, and raises and ultimately led to her wrongful termination. The factual allegations in both the state action and the present federal action involve the same alleged misconduct by defendant, by the same alleged actors, and within the same alleged timeframe.[2] Additionally, plaintiff seeks substantially the same relief in both

---

[2] In fact, plaintiff admits in her opposition that the parties, the facts, and the claims are the same in both actions. Dckt. No. 17 at 4.

5

actions – compensatory and punitive damages for failing to replace bad office equipment which allegedly caused injury to her left upper extremity, for violating her FMLA, or other protected leave, rights by intentionally counting her medical absences as regular time which allegedly caused her to be constantly harassed and singled out in front of co-workers by management and terminated from employment, and for violating her FMLA, or other protected leave, rights by counting protected leave days as days that were considered excessive absences.  Therefore, under California's primary rights theory, plaintiff's state and federal "causes of action" are the same.

Further, the judgment entered in state court amounted to a final judgment on the merits. Here, after considering "the papers submitted in support of [defendant's] demurrer [which included defendant's substantive arguments that plaintiff's claims failed as a matter of law, Def.'s Req. for Jud. Notice, Dckt. No. 14, Ex. E], the oral argument of the parties and counsel, [and] in full consideration of the admissible evidence," the state court sustained defendant's demurrer to plaintiff's amended state law complaint "without leave to amend for failure to state causes of action."[3] Def.'s Req. for Jud. Notice, Dckt. No. 14, Ex. F.  In California, "[a] judgment entered after a general demurrer has been sustained 'is a judgment on the merits to the extent that it adjudicates that the facts alleged do not constitute a cause of action, and will accordingly, be a bar to a subsequent action alleging the same facts.'" *Crowley v. Modern Faucet Mfg. Co.* 44 Cal. 2d 321, 323, 282 P.2d 33 (1955) (citing *Keidatz v. Albany*, 39 Cal. 2d 826, 828, 249 P.2d 264 (1952)).  Also, although judgments are not final in California until the time for appeal has expired, *People ex rel. Gow v. Mitchell Bros.' Santa Ana Theater,* 101 Cal. App. 3d 296, 306 (1980), here the time for appeal has expired since judgment was entered on January 8, 2009, and plaintiff did not file this action until May 28, 2009.  *See* Cal. Rule of Court 8.104 (stating that a

---

[3] Additionally, in his tentative ruling on defendant's initial state court demurrer and in his minute order affirming that tentative ruling, the state court judge stated that he was sustaining the demurrer "for failure to state a cause of action for the reasons set forth in the demurrer." Def.'s Req. for Jud. Notice, Dckt. No. 14, Ex. C.

6

notice of appeal must be filed within "60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service") and Def.'s Req. for Jud. Notice, Dckt. No. 14, Ex. G (indicating that defendant served plaintiff with a copy of the state court judgment on January 6, 2009)).

Accordingly, plaintiff's claims are barred by the doctrine of res judicata and should be dismissed without leave to amend. Although a pro se litigant is typically entitled to notice of the deficiencies in the complaint and an opportunity to amend, leave to amend should be denied here because the complaint's deficiencies cannot be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

B. <u>Failure to State a Claim</u>

Because plaintiff's claims are barred by the doctrine of res judicata, the court need not address the other grounds raised in defendant's motion.[4]

IV. <u>CONCLUSION</u>

Accordingly, it is hereby ORDERED that the status conference currently set for September 29, 2010, is vacated.[5]

////

////

////

---

[4] Also, to the extent plaintiff seeks to allege that she has been wronged by the state court's alleged erroneous decision, this court lacks jurisdiction to provide such relief under the Rooker-Feldman doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292-93 (2005); *see also Rooker v. Fidelity Trust Co.* 263 U.S. 413, 415 (1923) and *Dist. of Columbia Ct. of App. v. Feldman,* 460 U.S. 462, 483 (1983).

[5] As a result, the parties are not required to submit status reports as provided in the June 4, 2009 order. *See* Dckt. No. 5 at 2. However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

Further, it is RECOMMENDED that:

1. Defendant's motion to dismiss, Dckt. No. 13, be granted;

2. Plaintiff's complaint, Dckt. No. 1, be dismissed without leave to amend; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 24, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8